No. 593

## BELANGER v. RICHARDS

Ohio Appeals, 6th Dist., Lucas Co.

No. 1536. Decided May 28, 1925

Judges Warden, Crow & Hughes, 3rd Dist., sitting.

191. BURDEN OF PROOF—To prove that a reasonable consideration existed is upon person to whom deed is executed, when there is evidence tending to show that one of the grantors was mentally weak.

WARDEN, J.

William Richards brought an action in the Lucas Common Pleas to set aside a deed executed to Rose Belanger by Chas. C. Poole, deceased and Chas. Leo Poole. It was admitted that Rose and Leo were members of the same household from early childhood, and sustained the relation of brother and sister; that Charles Leo was mentally weak; that a short time prior to the execution of the deed, Chas. Poole the father, was taken ill and confined to his bed and soon died; that from the death of the mother of Chas. Leo up to and including the making of the deed the Pooles and Belanger resided together as one family.

The Common Pleas rendered a judgment in favor of Richards and set aside the deed. Error was prosecuted and it was urged that opinion evidence of relatives of Chas. Leo was improperly admitted in that such witnesses were not properly qualified before giving their opinions. It is contended that the evidence given by one, Dr. Krumbach was incompetent, and that he gave the opinion he had entertained of the mental condition of Charles Leo at the time he examined him and not his present opinion from such examination. The Court of Appeals held:

1. Though the relatives offering opinion evidence did not detail conversations upon which they based their opinions, the record showed that they observed Chas. Leo at many and various times and were intimately acquainted with him, and under these circumstances this evidence was not improperly admitted.

2. The admission of Dr. Krumbach's evidence was clearly erroneous, but not so prejudicial as would justify a reversal.

3. This residing together as one family created a confidential relation between the parties and placed upon Belanger the burden of proving that the consideration for the deed was reasonable.

4. The only consideration claimed by Bel-

anger for execution and delivery of deed was her promise, contained on a separate piece of paper at execution of deed, to perform all ordinary services in making a home for Chas. C. Poole and his son, so long as the survivor of them shall live. Nevertheless, bearing in mind that the proof was upon Belanger to show reasonable consideration for the deed, the judgment of the lower court is not against the weight of the evidence. Judgment affirmed.

Attorneys—Johnson, Johnson & Farber for Belanger; Denman, Wilson, Miller & Wall for Richards; all of Toledo.